**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WALTER PHILLIP JONES, JR.**  **PETITIONER**
**ADC #610198**

**VS.**        **CASE NO.: 5:10CV00186 DPM/BD**

**RAY HOBBS, Director,**  **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.     Introduction:**

Petitioner Walter Phillips Jones, Jr., an inmate in the Arkansas Department of Correction ("ADC"), seeks a writ of habeas corpus, under 28 U.S.C. § 2254. (Docket entry #2).  In his petition, Mr. Jones challenges a prison disciplinary conviction he received while at the Cummins Unit of the ADC.  Respondent Ray Hobbs has responded to the petition (#9), and Mr. Jones has filed a reply (#10).  The Court recommends that the petition be denied, without prejudice, for lack of subject-matter jurisdiction.

**III.    Background:**

On March 30, 2000, Mr. Jones pleaded guilty to first-degree murder and aggravated robbery.  (#9-1)  The Circuit Court of Yell County, Arkansas sentenced Mr. Jones to life imprisonment as a result of his conviction.

On May 29, 2009, two inmates escaped from the Cummins Unit, where Mr. Jones was serving his sentence.  During the ensuing investigation, ADC officials questioned Mr. Jones about his involvement in the escape.  They conducted a Computer Voice Stress Analysis ("CVSA") as a part of their investigation and concluded that the CVSA showed deceptive responses from Mr. Jones.  Based on the results of the CVSA, ADC officials charged and convicted Mr. Jones of giving misinformation and of escape or attempted escape.  (#2, p. 19-21)

As a result of the disciplinary conviction, Mr. Jones forfeited 2,332 days of good-time credit, served 30 days of punitive isolation, and had his inmate class status reduced. (#2, p. 20) In this habeas corpus action, he challenges his disciplinary conviction.

IV. **Discussion:**

In the petition, Mr. Jones requests immediate release from unconstitutional custody[1] and restoration of his good-time credit and class status. (#2, p. 17) Respondent argues that this Court lacks subject-matter jurisdiction because the prison discipline at issue did not affect the fact or duration of Mr. Jones's confinement. (#9, p. 3-4)

The Court can entertain Mr. Jones's petition only on the ground that he is being held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). If the petition does not challenge either the fact or length of custody, the Court lacks subject-matter jurisdiction and cannot grant the requested relief. *Kruger v. Erickson*, 77 F.3d 1071, 1073-1074 (8th Cir. 1996).

The custody at issue is the confinement ordered in the original judgment of conviction– not his disciplinary confinement for prison rule violations. *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303 (2004). Mr. Jones contests his punitive isolation, but this temporary disciplinary confinement does not raise a constitutional issue for federal habeas review. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–1066 (8th

---

[1] Mr. Jones does not contest his underlying murder conviction or the resulting sentence of life imprisonment. It appears his request for release from "unconstitutional custody" refers to his punitive isolation.

Cir.2002)(inmates do not have a constitutionally protected interest in avoiding temporary disciplinary segregation). Likewise, Mr. Jones's inmate class status does not present an issue within this Court's habeas corpus jurisdiction.

A habeas corpus petition must challenge the length or validity of confinement to fall within federal subject-matter jurisdiction. *Heck v. Humphrey*, 512 U.S. 477, 481-482, 114 S.Ct. 2364, 2369 (1994). A challenge to an inmate's conditions of confinement must be brought under 42 U.S.C. § 1983, and then only if the relief sought would not invalidate or call into question the underlying conviction. *Id*.

Here, Mr. Jones's inmate class status affects the conditions of his confinement but has no bearing on the fact or length of custody. Further, Mr. Jones does not have a constitutional right related to his class status that is independent of the fact or length of his custody. See *Moody v. Daggett*, 429 U.S. 78, 88 fn. 9, 97 S.Ct. 274 (1976) (inmate has no constitutional right to his prison classification); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (inmate has no right to a particular class status).

The remaining issue is Mr. Jones's lost good-time credit. The exclusive avenue for restoration of good-time credit in federal court is through a petition for writ of habeas corpus. See *Preiser v. Rodriguez*, 411 U.S. 475, 476-77, 500, 93 S.Ct. 1827 (1973)(sole remedy in federal court for prisoner seeking restoration of good-time credit is writ of habeas corpus). Due to Mr. Jones's life sentence and Arkansas law, however, this Court lacks subject-matter jurisdiction over this claim as well.

A liberty interest in good-time credit accrued by state prisoners, and protected by the Due Process Clause, is a creation of state law. See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(States may create liberty interests in good-time credit protected by the Due Process Clause). Arkansas, however, has not created a liberty interest in good-time credit. See *McKinnon v. Norris*, 231 S.W.3d 725, 730 (Ark. 2006) (meritorious good-time does not apply to reduce the length of a sentence; as a result, Arkansas has not created a liberty interest in good-time protected by the Constitution).

Under Ark. Code Ann. § 12-29-201, good-time credit does not reduce the length of a sentence, but it may apply to an inmate's transfer eligibility date. ARK. CODE ANN. § 12-29-201(d)-(e)(1). The transfer-eligibility provision does not help Mr. Jones, however, because inmates sentenced to life imprisonment– including Mr. Jones–are not eligible for transfer unless their sentences are commuted to a term of years by executive clemency. ARK. CODE ANN. § 16-93-614(c)(1)(B). There is no evidence of clemency in this case. In fact, Mr. Jones admits that, because he is serving a life sentence, the good-time credit he lost as a result of the disciplinary conviction will not affect the duration of his confinement. (#2, p. 9) Because the loss of good-time credit does not affect the fact or length of state custody, this Court lacks subject-matter jurisdiction to issue a writ. *Kruger*, 77 F.3d at 1073.

## V. Certificate of Appealability:

When entering a final order adverse to Petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

In this case, Mr. Jones has not made a substantial showing of the denial of a constitutional right. Accordingly, the District Court should deny a certificate of appealability.

## VI. Conclusion:

The pending petition does not challenge the fact or length of Mr. Jones's custody. As a result, this Court lacks subject-matter jurisdiction to grant the requested relief. Accordingly, this Court recommends that Judge Marshall DENY and DISMISS Walter Phillip Jones, Jr.'s Petition for Writ of Habeas Corpus (#2), without prejudice.

DATED this 22nd day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE